JOHN McILHENNY v. ELIAS WASSON.

The appeal from a district court of the city of New York is to the General Term of the Court of Common Pleas, in that city, and the provision of the act of 1862, authorizing a re-trial of cases tried in a Justices court in a County court, does not apply to the city of New York.

Appeal by the defendant from a judgment of the Eighth District Court.

The plaintiff recovered a judgment in the Eighth District Court of the City of New York against the defendant, for $175 13, on the 10th day of July, 1862.

The appellant, being advised by his counsel that the Laws of 1862, page 853, authorized him to appeal to the trial term of the Court of Common Pleas of the County of New York, did so appeal, and noticed the cause for trial, at a trial term of the Court of Common Pleas. In the mean time the attorney for the respondent noticed the appeal for argument at the General Term of the Court of Common Pleas, and placed the same on the calendar of said General Term.

The appellant now objected to the jurisdiction of the General Term to hear said appeal, and insisted that the cause be struck from the calendar, and that the same be tried at the trial term of the Common Pleas.

*Hill, Courtney & Monell*, for the appellants.

I. The *whole* of § 352 of the Code remains as it was, and specifies how appeals from the judgment of the Court may be taken, and to what Court, and then provides—On such appeal, when the amount of the claim or claims of either party litigated in the Court below exceed fifty dollars, or when in an action to recover the value of personal property, &c., a new trial shall be had in the County Court, &c.

II. Section 364 is amended so as to read as follows—" If a return be made, and the appeal is from a judgment where a new trial may not be had, (that is, when the judgment is not over fifty dollars,) it may be brought to a hearing at a General Term of the Appellant Court, &c.; but if the appeal is from a judgment where a new trial may be had, it may be brought to a hearing or trial at any term of the County Court at which a petit jury shall be summoned."

III. Every Judge of the Court of Common Pleas is a County Judge, and every trial term of the Court of Common Pleas is a County Court, and hence the trial term of the Court of Common Pleas is a County Court under the meaning of section 25.

McIlhenny v. Wasson.

IV. The *intention* of the Legislature was to permit a party feeling aggrieved by the action of a Justice of the Peace to have the case *retried* in another Court. There is nothing novel in the amendment. It restores the old statute, which will be found in Second Vol., 3d ed. R. S. page 357.

V. Independent of the considerations above stated, the language of the amendment, by the 23d Section of the Laws of 1862, expressly directs the appeal to the Court of Common Pleas, and not to the general term of the Court.

The Legislature, on referring to the General Term of the Appellate Court, makes use of the word "General" in cases where no new trial can be had, and in other cases where the retrial can be had, the word "General" is studiously omitted.

VI. Sections 364 and 366 of the Code are so amended by the Act of 1862 as to deprive this Court from giving judgment on an appeal in any other manner than is therein provided, viz.: if the amount litigated in the Court below be under fifty dollars, then the appeal is to be heard at the General term, but if over that amount, then at the trial term of the Court. If this Court decline to adopt the proceedings on appeal as provided for by the Act of 1862, then it can entertain no jurisdiction of appeals in any case—at all events as to none where the amount is over fifty dollars.

By THE COURT.—HILTON, J.—The simple question presented to us for determination upon this appeal, is, whether under the provisions of Chap. 5 of Title 11, of the Code as amended April 23, 1862, a new trial must be had in this Court in all cases of appeal from the Marine and District Courts where there has been an issue joined and the amount involved exceeds fifty dollars.

Section 352 of the title referred to, and upon the construction of which this question depends, as amended is in substance as follows.

When a judgment has been rendered by the General Term of the Marine Court, or by a Justice of the District or Justices' Courts of this city, the appeal shall be to this Court, and the appeal from the Marine Court must, like that from the District

McIlhenny v. Wasson.

Courts, be taken within twenty days after the judgment. In the city of Buffalo the appeals from the Courts of Justice of that city must be to the Superior Court therein.

When the judgment has been rendered by any of the other Courts enumerated in the preceding section (351), that is, Justices' Courts of other cities than New York and Buffalo, the Municipal Court of the city of Brooklyn and Courts of Justices of the Peace throughout the State, the appeal must be to the County Court of the County. And on *such* appeals, where issue has been joined and the amount involved exceeds fifty dollars, a new trial shall be had in such County Court.

It seems to us quite plain that the expression "such appeal" in the connection in which it is used in this section, refers to the appeal which is required to be taken to the County Court, *eo nomine*; and has no relation to the appeals which must be taken to this Court, and to the Superior Court of the city of Buffalo.

The remaining sections of the title, which were amended at the same time, are in no sense repugnant to this construction, but on the contrary fully harmonize with it.

Therefore in all appeals to this Court from the Marine and District Courts, the former practice still prevails unaffected by amendments of 1862, except so far as the costs therein are regulated by the amendment to section 371.

Judgment affirmed.